IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOEL POTASZNIK<br>    Plaintiff, | §<br>§<br>§<br>§<br>§ | CIVIL ACTION<br>NO. 3:16-CV-0155-L |
| VS. | §<br>§<br>§ | |
| GLEN D. MCGEE and<br>ROBERT DE LOS SANTOS,<br>    Defendants. | §<br>§<br>§ | |

## DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

TO THE HONORABLE JUDGE OF THE COURT:

COMES NOW Defendants Robert De Los Santos ("the Fire Marshal") and Glen D. McGee ("McGee")(sometimes collectively referred to as "the Defendants"), pursuant to Fed.R.Civ.P. 56 and this Court's order of March 14, 2017 (doc. 16), and move for summary judgment in their favor as to all claims asserted against them by Plaintiff Joel Potasznik ("Plaintiff").

## SUMMARY

In accordance with Local Rule of Practice 56.3 (b), the Defendants state that each of the matters required by Local Rule of Practice 56.3(a) will be set forth in their brief, if not set forth herein.

## PROCEDURAL HISTORY

This civil rights action was filed in state district court on December 14, 2015. Plaintiff asserted only one claim against the Defendants, which he brought under 42 U.S.C. §1983.

Plaintiff's state pleadings included a verified request for temporary injunction, but no application for an injunction was ever filed in state court (or in this Court).

On January 19, 2016, the Fire Marshal removed this case from state district court to this Court. (Doc. 1, p. 1). On January 29, 2016, the Fire Marshal filed his answer in which he asserted, among other things, his right to qualified immunity. (Doc. 4, p.2). On April 23, 2016, McGee filed his answer in which he asserted, among other things, his right to qualified immunity. (Doc. 5, p. 2).

This Court entered a scheduling order on June 3, 2016 (doc. 8), which set this case for trial beginning June 5, 2017 and which required all dispositive motions to be filed by February 17, 2017. By joint motion dated February 13, 2017 (doc. 12), the parties requested the extension of this deadline and other deadlines. On February 22, 2017, this Court entered an amended scheduling order which set the deadline for filing dispositive motions as March 17, 2017. (Doc. 14, p. 1). On March 14, 2017, this Court granted the Defendants' agreed motion to extend the deadline for filing motions for summary judgment by one day, until March 20, 2017. (Doc. 16). This motion is filed in compliance with that Order.

## PLAINTIFF'S CLAIM

Plaintiff asserts only a claim that he has been denied his right to procedural due process. More specifically, he alleged has he was denied access to his property without due process of law, for which he seeks damages under 42 U.S.C. §1983.

## UNDISPUTED FACTS

1.     At all times material to this suit, the Fire Marshal was appointed by the Dallas County Commissioners Court to provide for the health, safety and welfare of the citizens of Dallas County, in accordance with Chapter 352 of the Texas Local Government Code, County policy,

Dallas County Fire Code and sound Emergency Management Practices. And he was tasked with the administration of fire suppression operations in the unincorporated areas of the County. The Commissioner's Court adopted the 2009 Internal Uniformed Fire Code in November 2014 and gave the Fire Marshal's office the authority to conduct on-site inspections of businesses operating in the unincorporated areas of Dallas County. To operate within the County, a business or non-profit organization is required under the Dallas County Code to complete an Application for Use and Occupancy Compliance, among other permits. (App. 1-2).

2. In August and September 2015, McGee was employed in the Environmental Health Division of the Dallas County Health and Human Services. He had responsibility for surveillance and enforcement activities regarding illicit discharge programs under state law in unincorporated areas of Dallas County. (App. 2).

3. In August 2015 and thereafter, Plaintiff was the owner and landlord of property located at 1700-1718 Dowdy Ferry Road, Hutchins, Texas ("the property"). The property is located in an unincorporated area of Dallas County. (App. 2).

4. On August 14, 2015, the Fire Marshal, McGee and Assistant Fire Marshal Douglas Angle ("Angle") went to inspect the property. The inspection was based on McGee's concerns that illegal dumping was occurring on the property and that the Plaintiff had no permit to conduct any business on the property and that none of Plaintiff's tenants had permits to conduct the specific types of businesses that were operating on the property. (App.2-3, 6).

5. A sign was posted on the property stating that the property was in compliance with the requirements of the Texas Commission on Environmental Quality, but an inquiry to that agency revealed that the property was not in fact in compliance with those rules. (App. 3).

6. When the Fire Marshal, McGee and Angle arrived at the property, the gates to the

property were open. They began their inspection of the property. During his inspection, substantial evidence of illegal dumping on the property was observed, as well as numerous violations of the Dallas County Fire Code. (App. 3).

7.  After the property had been inspected, Angle hand-delivered an inspection report to Bruce Robin Teague ("Teague"), who was purportedly managing the property and operating a business on the property. (Doc. 1-1, p. 4). That report informed Teague that permits had to be obtained to continue filling, grading and working on the property, among other things. Teague was also informed that a re-inspection would occur on or after August 23, 2015. (App.3); (Doc. 1-1, p. 4).

8.  On September 4, 2015, an administrative search warrant signed by a Magistrate Judge was executed on the property. (App. 7). As of that date, still none of the required permits had been obtained from the Fire Marshal by the Plaintiff or by any of the individuals managing the property or operating or conducting businesses on the property. (App. 3).

9.  The search revealed that the property at 1700 Dowdy Ferry was vacant, but was being used as an illegal dump site. The property at 1718 Dowdy Ferry was found to include an 18-wheeler repair garage facility and storage area for those trucks and their trailers. During that search, several violations were observed including, but not limited to, the absence of any permits to operate any business on the property, inadequate fire protection of the property, storage issues and numerous fire hazards. Samples were taken of surface soil by Sigma Environmental Solutions at both 1700 and 1718 Dowdy Ferry Road. (App. 4).

10. After the search warrant was executed and various drivers were allowed to remove their trucks, the gates to the property were chained and locked by the Fire Marshal's office. (App. 8). An Order of the Dallas County Fire Marshal dated September 4, 2015 was posted on the gate.

(App. 9-10). That Order required all owners, residents and occupants to correct five identified fire and life safety hazards. That Order was issued under the authority of Texas Local Government Code §352.016 (b). That Order directed that no person could be on the property without the permission of the Fire Marshal, who would authorize appropriate persons to enter the property for the limited purposes of correcting the hazardous situations on the property. The Order recited the applicable criminal offenses related to a failure to comply with the Order. (App. 4, 9-10).

11.   Sigma Environmental Solutions shared its findings with Dallas County Health and Human Services in a report dated September 23, 2015. It found that the surface soils have been adversely affected by the illegal dumping and spilling of petroleum and other unknown products. Due to the fact that the majority of the site had been raised approximately 25 feet and the Trinity River is approximately 500 feet down-gradient, Sigma recommended that a subsurface investigation be conducted to address potential subsurface soil and groundwater contamination. (App. 4-5, 13).

12.   No required application for a permit to conduct any business on the property has been received by the Fire Marshal and the hazards identified in the Order have not been corrected. The Fire Marshal has received no request from Plaintiff to correct the hazards that lead to the Marshal's order of September 4, 2015 closing access to the property. (App. 5).

## GROUNDS FOR SUMMARY JUDGMENT

1.   The summary judgment evidence fails to establish that Plaintiff had a property right which the Defendants denied him, in violation of the Due Process Clause of the Fourteenth Amendment.

**2.**   The pleadings are not sufficiently specific and detailed enough to overcome each of the

Defendants' right to qualified immunity and those facts which are alleged are insufficient as a matter of law to establish each of them engaged in conduct clearly contrary to well-established law.

## SUMMARY JUDGMENT EVIDENCE

Affidavit of Robert De Los Santos, with attachments (App. 1-14)

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendants De Los Santos and McGee move this Court to grant summary judgment in their favor, pursuant to Fed.R.Civ.P. 56(c), as to all the claims asserted against them herein and to enter an order dismissing any and all of Plaintiff Potasznik's claims against them with prejudice.

Respectfully submitted,

FAITH JOHNSON
CRIMINAL DISTRICT ATTORNEY

/s/ Dolena T. Westergard
DOLENA T. WESTERGARD
ASSISTANT DISTRICT ATTORNEY
TEXAS BAR NO. 21219800
FEDERAL LITIGATION SECTION
133 N. RIVERFRONT BLVD., LB 19
DALLAS, TEXAS 75207-4399
(214) 653-3692
(214) 653-2899 (FAX)

ATTORNEY FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I certify that a copy of this motion was served on Plaintiff's counsel by its electronic filing, as required.

/s/ Dolena T. Westergard
DOLENA T. WESTERGARD