IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JOEL POTASZNIK § | |
|     Plaintiff, § | |
| § | CIVIL ACTION |
| § | NO. 3:16-CV-0155-L |
| VS. § | |
| § | |
| GLEN D. MCGEE and § | |
| ROBERT DE LOS SANTOS, § | |
|     Defendants. § | |

## DEFENDANTS' BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

TO THE HONORABLE JUDGE OF THE COURT:

COME NOW Defendants Robert De Los Santos ("the Fire Marshal") and Glen D. McGee ("McGee")(sometimes collectively referred to as "the Defendants"), pursuant to Local Rule of Practice 56.5, and submit this brief in support of their motion for summary judgment.

### Summary Judgment: Standard of Review

Pursuant to Fed.R.Civ.P. 56, summary judgment is appropriate if the movants show there is no genuine dispute as to any material fact and they are entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The rule mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of any one element essential to that party's case, and on which that party will bear the burden of proof at trial. *Id.*

The parties moving for summary judgment bear the initial responsibility for informing the district court of the basis for their motion and identifying those portions of the record they

believe demonstrate the absence of a genuine issue of material fact. *Id*. at 323. The non-moving party must then go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial." *Id*. at 324. This Court is not required to accept the non-movant's conclusory allegations, unsubstantiated assertions which are either entirely unsupported or supported by a mere scintilla of evidence. *Chaney v. Dreyfus Service* Corp., 595 F.3d 219, 229 (5th Cir. 2010). In reviewing the evidence, factual controversies are to be resolved in favor of the non-movant, but only when both parties have submitted evidence of contradictory facts. *Little v. Liquid Air Corp*., 37 F.3d 1069, 1075 (5th Cir. 1994)(*en ba*nc). Where, as here, the Defendants have no burden of proof, they are not even required to produce any evidence of their own. *Krim v. BancTexas Group, Inc*., 989 F.2d 1435, 1445 (5th Cir. 1993); *Medlin v. Palm*er, 874 F.2d 1085, 1089 (5th Cir. 1989).

**ARGUMENT NO. 1. The summary judgment evidence fails to establish that Plaintiff had a property right which the Defendants denied him, in violation of the Due Process Clause of the Fourteenth Amendment.**

Applicable Legal Principles: Procedural Due Process under Fourteenth Amendment

In order for a person to have a procedural due process claim that damages or other relief can remedy, he must have been denied life, liberty or property protected by the Fourteenth Amendment. *Meza v. Livingston*, 607 F.3d 392, 399 (5th Cir. 2010). The framework for a procedural due process inquiry is a familiar one. The Court first asks "'whether there exists a liberty or property interest which has been interfered with by the State.'" *Id*. Only if such a liberty or property interest exists, does the Court then consider "'whether the procedures attendant upon that deprivation were constitutionally sufficient.'" *Id*.

A property interest is created and "defined by existing rules or understandings that stem from an independent source such as state law." *Bd. of Regents of State Colls. v. Roth*, 408 U.S.

564, 577, (1972); *see also Mathews v. Eldridge*, 424 U.S. 319 (1976). The hallmark of property is an individual entitlement grounded in state law, which cannot be removed except "for cause." *Logan v. Zimmerman Brush Co*., 455 U.S. 422, 430 (1982).

### Legal Principles Applied to Summary Judgment Evidence

It is the Defendants' position that Plaintiff had no property interest under state law which was entitled to protection under the Due Process Clause of the Fourteenth Amendment. There is no state law that recognizes a right to use property in an unincorporated area for business without the requisite permits from the county governing the unincorporated area. On the contrary, certain rights are granted under state law to municipalities and their officials to regulate the conducting of business on any such property. For example, under Texas Local Gov't Code Sec. 352.016, the Fire Marshal may inspect for fire or life safety hazards any structure, appurtenance, fixture, or real property located within 500 feet of a structure, appurtenance, or fixture. If the Marshal determines the presence of a fire or life safety hazard, he may order the owner or occupant of the premises to correct the hazardous situation. If ordered to do so, an owner or occupant shall correct the hazardous situation in accordance with the order. Tx. Local Gov't Code Sec. 352.020. While Plaintiff may have a property interest in his property, there is no recognition in state law that he may operate businesses on that property without the requisite permits or without compliance with fire codes adopted by the governing body or with state laws intended to protect against environmental hazards and damages, such as illegal dumping. Thus, he has no property interest which may be characterized as one entitled to the protections of the Due Process Clause.

**ARGUMENT TWO: The pleadings are not sufficiently specific and detailed enough to overcome each of the Defendants' right to qualified immunity and what facts are alleged are insufficient as a matter of law to establish that each of them engaged in conduct clearly contrary to well-established law.**

Applicable Legal Principles: Qualified Immunity

The claim against the Defendants, brought under 42 U.S.C. Section 1983, is subject to the defense of qualified immunity.  While qualified immunity is called a defense, the burden to rebut this defense is upon Plaintiff.  *Felton v. Polles*, 315 F.3d 470, 477 (5th Cir. 2002). As the Court knows well, the substance of qualified immunity is a defense available to public officials who may have violated some constitutional or statutory right, but who did not engaged in conduct already declared violative of federal statutory or constitutional rights. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).   As the Supreme Court has characterized it, the doctrine protects "all but the plainly incompetent or those who knowingly violate the law."  *Malley v. Briggs*, 475 U.S. 335, 341 (1986). There are two separate and independent inquiries related to the defense of qualified immunity.

First inquiry: "Heightened pleading" requirement applied to the Plaintiff's petition.

For Plaintiff's claim to survive, the conduct attributed to the Defendants must be plead with factual detail and particularity, not with mere conclusory allegations.  *Anderson v. Pasadena ISD,* 184 F.3d 439, 443 (5th Cir. 1999).  Plaintiff must comply with a "heightened pleading" standard.  *Shultea v. Wood*, 47 F.3d 1427, 1433-34 (5th Cir. 1995).  Negating qualified immunity demands more than bold allegations.  Specific facts must be plead which focus specifically on the conduct of each Defendant which allegedly caused any denial of Plaintiff's right to due process. *Wicks v. Miss. State Emp't Serv*s., 41 F.3d 991, 995 (5th Cir. 1995).   The complaint must contain factual detail and particularity and must include facts as to why each Defendant cannot maintain the defense of qualified immunity.

By his petition (doc. 1-1), Plaintiff has not met the "heightened pleading" standard

required by *Shultea*. His allegations present nothing more than the bare bones of a complaint about the Defendants' conduct. Plaintiff alleges only the following conduct by the Defendants:

1. "Officer McGee and another individual informed [Plaintiff's tenant Mago Ayala] that he must vacate the premises in three hours for the lack of a permit….";

2. "[T]he property were (sic) padlocked."

3. "On September 6, 2015, the Fire Marshal placed 'No trespassing' signs on the front gates of both 1700 and 1718 Dowdy Ferry, which state that 'All personnel are not to enter premises' and further that 'This building is in the custody of the County Fire Marshal.'"

4. "Plaintiff is being deprived of his property without due process."

5. "The actions of…padlocking the property since September 4, 105 has deprived Plaintiff of its (sic) property rights by essentially shutting down its (sic) business without due process of law…."

These allegations are conclusory and devoid of the requisite specificity and detail. There are no facts that establish Plaintiff had any right under state law to have access to the property in the absence of the requisite permits and compliance with the Dallas County fire code, more particularly the Fire Marshal's order of September 4, 2015. Plaintiff does not even allege that he had all the required permits and that he was in compliance with the fire code when the property was padlocked.

As to Defendant McGee, he is alleged only to have told tenant Ayala that he had to leave the property because he had no permits; no facts allege any conduct by McGee was directed to the Plaintiff. Likewise, the allegation that truck drivers exiting the property were ticketed has nothing to do with any interest belonging to Plaintiff. Any complaints by Ayala or the truck drivers are their complaints to make, not Plaintiff's.

So, the only allegations that concern Plaintiff are that his property was padlocked and a notice of no entry was placed on that property, which are attributed only to the Fire Marshal.

There are no facts that support the legal conclusion that the actions of the Defendants went contrary to Plaintiff's property interests under state law or that Plaintiff was not provided any process due to him. That is to say, there are no allegations that the Defendants violated any Due Process rights to Plaintiff by closing access to his property. He was given notice by the inspection report admittedly given to his property manager on August 14, 2015 and notice that there would a re-inspection to determine if the hazards noted on the report had been corrected. There is no factual allegation that Defendants failed to provide Plaintiff any other consideration before re-visiting the property and determining that the hazards noted on August 14, 2015 had not been fixed.

The bottom line is that the Plaintiff allegations against the Defendants, whether viewed individually or collectively, do not state sufficiently specific and detailed facts to establish that each of the Defendants committed a violation of Plaintiff's constitutional rights. Without the requisite specificity and detail, the heightened pleading standard under *Schultea* is not met and dismissal by summary judgment on grounds of qualified immunity is appropriate.

<u>Second inquiry: "Clearly established" law</u>. Even if the Court finds the pleadings satisfy the "heightened" standard and sufficiently allege a constitutional violation by each of the Defendants, they are both still entitled to qualified immunity. This inquiry involves a question of law. *Atteberry v. Nocona Gen. Hosp.*, 430 F.3d 245, 256 (5th Cir. 2005).

This second inquiry assumes a constitutional violation occurred at the hands of the Defendants. Even so, the Plaintiff's factual allegations regarding the Defendants' conduct determined to be violative of the Due Process clause, such as they are, do not fall within with the condemnation of clearly established law as of the date the Fire Marshal closed assess to the property. Granted the right to Due Process has long been well-established, but only in the most

general of senses. The "clearly established" standard demands more. *Vincent v. City of Sulphur*, 805 F.3d 543, 547 (5th Cir. 2015).   There was no law, and there is none now, which places "beyond debate" the legal conclusion that each of the Defendants' conduct, as alleged, was violative of constitutional or statutory law. *See Mullenix v. Luna*, 136 S.Ct. 305, 193 L. Ed. 2d 255 (Nov. 9, 2015)(per curiam), slip op. at 308 ("We do not require a case directly on point, but existing precedent must have placed the statutory or constitutional question beyond debate."). *See also White v. Pauly*, 580 U.S. ____ (No. 16-67, decided January 9, 2017). The inquiry must be made in light of the specific factual context of the case, not as a broad general proposition. *Mullenix*, 136 S.Ct. at 308.  This Court's analysis of qualified immunity must be tethered to precedent containing facts "analogous or near-analogous" to the specific facts in this case in order to find a contravention of "clearly established law."

There is no "controlling authority" that condemned the conduct attributed to the Defendants in this case.  Where there is no such "controlling authority," condemnation of conduct should only be considered clearly established if it is supported by a "robust consensus of cases of persuasive authority."  *Wilson v. Layne*, 526 U.S. 603, 617 (1991).

To the best of counsel's knowledge, there is no authority that condemned beyond doubt and by a robust consensus of persuasive authority the conduct attributed to either of the Defendants and determined to be violative of the Due Process Clause of the Fourteenth Amendment. The allegations against both Defendants are sketchy at best and minimal at most. They are devoid of such facts as would move the immunity defense from Defendants' favor to a conclusion that each of them was in violation of clearly established law.  Given the absence of such facts as would place their conduct within the reach of then-existing condemnation, they are entitled to the defense of qualified immunity and dismissal on that ground is appropriate.

Respectfully submitted,

FAITH JOHNSON
CRIMINAL DISTRICT ATTORNEY

/s/ Dolena T. Westergard
DOLENA T. WESTERGARD
ASSISTANT DISTRICT ATTORNEY
TEXAS BAR NO. 21219800
FEDERAL LITIGATION SECTION
133 N. RIVERFRONT BLVD., LB 19
DALLAS, TEXAS 75207-4399
(214) 653-3692
(214) 653-2899 (FAX)

ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I certify that a copy of this brief was served on Plaintiff's counsel by its electronic filing, as required.

/s/ Dolena T. Westergard
DOLENA T. WESTERGARD