**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **JOEL POTASZNIK** | § | |
| **Plaintiff,** | § | |
| | § | **CIVIL ACTION** |
| | § | **NO. 3:16-CV-0155-L** |
| | § | |
| **VS.** | § | |
| | § | |
| | § | |
| **GLEN D. MCGEE and** | § | |
| **ROBERT DE LOS SANTOS,** | § | |
| **Defendants.** | § | |

**DEFENDANTS' APPENDIX IN SUPPORT OF**
**MOTION FOR SUMMARY JUDGMENT**

TO THE HONORABLE JUDGE OF THE COURT:

COME NOW Defendants Robert De Los Santos and Glen D. McGee, pursuant to

Fed.R.Civ.P. 56 and Local Rule of Practice 56.6, and submits this appendix in support of their

motion for summary judgment.

Respectfully submitted,

FAITH JOHNSON
CRIMINAL DISTRICT ATTORNEY
/s/ Dolena T. Westergard
DOLENA T. WESTERGARD
ASSISTANT DISTRICT ATTORNEY
TEXAS BAR NO. 21219800
FEDERAL LITIGATION SECTION
133 N. RIVERFRONT BLVD., LB 19
DALLAS, TEXAS 75207-4399
(214) 653-3692
(214) 653-2899 (FAX)

ATTORNEYS FOR DEFENDANTS

Table of Contents: Appendix in Support of Motion for Summary Judgment

**Affidavit of Robert De Los Santos** (App. 1-5), with attachments (App.6-14).

> **Attachment 1-** Memorandum dated August 14, 2015 by Douglas Angle, Assistant Fire Marshal, Re: 1700 Dowdy Ferry Road Inspection (App. 6).

> **Attachment 2-**Memorandum dated September 15, 2015 by Douglas Angle, Assistant Fire Marshal, Re: Warrant Summary: 1700 & 1718 Dowdy Ferry Rd., Dallas County (App. 7-8).

> **Attachment 3-**Order of the Dallas County Fire Marshal, Property: 1700 Dowdy Ferry Road, Dallas, County, Texas signed September 4, 2015 (App. 09-10)

> **Attachment 4-**Report dated September 23, 2015 from Sigma Environmental Solutions, Inc. to Tony Jenkins, Dallas County Health and Human Services, Re: Limited Surface Investigation, Unauthorized Solid Waste Disposal Facility, 1700 Dowdy Ferry, Hutchins, Texas, Sigma Project No. 2150093 (App. 11-14)

## <u>CERTIFICATE OF SERVICE</u>

I certify that a copy of this appendix was served on counsel for Plaintiff by its electronic filing, as required.

/s/ Dolena T. Westergard
DOLENA T. WESTERGARD

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOEL POTASZNIK `` | § | |
| **Plaintiff,** | § | |
| | § | **CIVIL ACTION** |
| VS. | § | **NO. 3:16-CV-0155-L** |
| | § | |
| GLEN D. MCGEE and | § | |
| ROBERT DE LOS SANTOS, | § | |
| **Defendants.** | § | |


## AFFIDAVIT OF ROBERT DE LOS SANTOS

Before me, the undersigned authority, personally appeared Robert De Los Santos who, being by me first duly sworn, deposed and stated as follows:

My name is Robert De Los Santos. I am over twenty one years of age, of sound mind, capable of making this affidavit and have personal knowledge of the facts stated herein, which are all true and correct. I am a Defendant in this civil action and I am familiar with the allegations made against me and my co-Defendant by Joel Potasznik ("Plaintiff") in this case.

At all times material to this suit, I have been the duly-appointed Fire Marshal for Dallas County, Texas. I am also a records custodian for the Dallas County Fire Marshal's office. The documents attached hereto are official records of the Fire Marshal's office and reflect the activities of that agency and/or matters observed by it pursuant to a duty imposed by law. These documents are kept by the Fire Marshal's office in the regular course of business and it was in the regular course of business for an employee with personal knowledge of the act, event or condition recorded to make each of these records

*Affidavit of Robert De Los Santos–Page 1*

01

at or near the time of the act, event or condition recorded or reasonably soon thereafter.

I was appointed Fire Marshal by the Dallas County Commissioners Court to provide for the health, safety and welfare of the citizens of Dallas County, in accordance with Chapter 352 of the Texas Local Government Code, County policy, Dallas County Fire Code and sound Emergency Management Practices. I was tasked with the administration of fire suppression operations in the unincorporated areas of the County. The Commissioner's Court adopted the 2009 Internal Uniformed Fire Code in November 2014 and gave my office the authority to conduct on-site inspections of businesses operating in the unincorporated areas of Dallas County.

To operate within the County, a business or non-profit organization is required under the Dallas County Code to complete an Application for Use and Occupancy Compliance, among other permits.

In August and September 2015, my co-Defendant, Robert McGee ("McGee") was employed in the Environmental Health Division of the Dallas County Health and Human Services. He had responsibility for surveillance and enforcement activities regarding illicit discharge programs under state law in unincorporated areas of Dallas County. McGee is no longer employed by the County.

The documents attached hereto reveal the following facts:

In August 2015 and thereafter, Plaintiff was the owner and landlord of property located at 1700-1718 Dowdy Ferry Road, Hutchins, Texas ("the property"). The property is located in an unincorporated area of Dallas County.

On August 14, 2015, I, along with McGee and Assistant Fire Marshal Douglas Angle ("Angle") went to inspect the property. The inspection was based on McGee's

concerns that illegal dumping was occurring on the property and that Plaintiff had no permits from the County to conduct any business on the property and that none of Plaintiff's tenants had permits to conduct the specific types of businesses that were operating on the property.

A sign was posted on the property stating that the property was in compliance with the requirements of the Texas Commission on Environmental Quality, but an inquiry to that agency revealed that property was not in fact in compliance with those rules.

When we arrived at the property, the gates to the property were open. We began our inspection of the property. During our inspection, substantial evidence of illegal dumping on the property was observed. We also found numerous violations of the Dallas County Fire Code.

After the property had been inspected, an inspection report was handed to Bruce Robin Teague ("Teague"), who was purportedly managing the property and operating a business on the property. That report informed Teague that permits had to be obtained to continue filling, grading and working on the property, among other things. The report indicated that a re-inspection would occur on or after August 23, 2015. Plaintiff's complaint acknowledges that Teague received this inspection report and knew there would be a re-inspection.

On September 4, 2015, an administrative search warrant signed by a Magistrate Judge was executed on the property. As of that date, still none of the required permits had been obtained from my office by the Plaintiff or by any of the individuals operating or conducting businesses on the property.

*Affidavit of Robert De Los Santos–Page 3*

03

The search revealed that the property at 1700 Dowdy Ferry was vacant, but was being used as an illegal dump site.  The property at 1718 Dowdy Ferry was found to include an 18-wheeler repair garage facility and storage area for those trucks and their trailers. During that search, several violations were observed including, but not limited to, the absence of any permits to operate any business on the property, inadequate fire protection of the property, storage issues and numerous fire hazards.  Samples were taken of surface soil by Sigma Environmental Solutions at both 1700 and 1718 Dowdy Ferry Road.

After the search warrant was executed and various drivers were allowed to remove their trucks, the gates to the property were chained and locked by my office.  An Order signed by me dated September 4, 2015 was posted on the gate. That Order required all owners, residents and occupants to correct five identified fire and life safety hazards. That Order was issued under the authority of Texas Local Government Code §352.016 (b).  That Order directed that no person could be on the property without my permission, but that I would authorize appropriate persons to enter the property for the limited purposes of correcting the hazardous situations on the property.  The Order recited the applicable criminal offenses related to failure to comply with the Order.

Sigma Environmental Solutions shared its findings with Dallas County Health and Human Services in a report dated September 23, 2015.  It found that the surface soils have been adversely affected by the illegal dumping and spilling of petroleum and other unknown products.  Due to the fact that the majority of the site had been raised approximately 25 feet and the Trinity River is approximately 500 feet down-gradient, Sigma recommended that a subsurface investigation be conducted to address potential

*Affidavit of Robert De Los Santos–Page 4*

subsurface soil and groundwater contamination.

I have received no application for a permit to conduct any business on the property and the hazards identified in my Order have not been corrected. I have received no request from Plaintiff to correct the hazards that lead to my order of September 4, 2015 closing access to the property.

Further the affiant sayeth not.


_____
ROBERT DE LOS SANTOS
AFFIANT

STATE OF TEXAS          §
COUNTY OF DALLAS    §

Subscribed and sworn to before me on this _____ day of March, 2017.


_____
Notary Public in and for the State of Texas


*The Fire Marshal, the affiant, is not available to sign this affidavit until Thursday, March 23, 2017. When he has signed this affidavit, an executed copy of it will be filed with the Court.*

*Dolena T. Westergard*
*Attorney for Defendants*

*Affidavit of Robert De Los Santos–Page 5*

05




**Dallas County**
**Fire Marshal's Office**
**509 Main Street, Suite 310 Dallas Texas 75202**
**Main: 214.653.7970 Fax: 214.653.6372**

August 14, 2015

1700 Dowdy Ferry Road Inspection

On Thursday August 14, 2015 Fire Marshall Robert De Los Santos, Inspector McGee from DCHSS and myself went to 1700 Dowdy Ferry Road to inspect the property. McGee had expressed concerns about illegal dumping that is occurring on the property and the owner had no permits from the county to perform this type of work at this location.

Upon arrival I observed two 18 wheeler trucks dumping their loads on the property. We proceeded to the dumping area and met with Bruce Robin McTigue who was operating a loader pushing the dumped debris over an embankment. Mr. McTigue expressed concern that we had no permission to enter the property. Marshal De Los Santos explained to him that we were there investigating a concern that he was operation a business without a permit. The gates to the property were open.

I began my inspection the property and the dumped debris. Located in the dumped debris were steel re-bar, plastic pvc pipe, corrugated plastic drainage pipe, wood, fabric material, pieces of OSB board, steel pieces, electrical conduit and wiring. Other areas of the property had ground up asphalt in piles and large chunks of asphalt plied as well. Also observed were a dismantled 18 wheeler cab, several discarded tires, a dilapidated boat with missing tires on the trailer, several discarded truck parts, used oil filters (some which had been burned), a discarded clothes dryer, discarded mattress, overstuffed pillow and bed sheets, oil drain pans, fabric tarps, oil containers which had leaked on the ground, a vehicle battery, several discarded beer bottles and cans, plastic water bottles, a 500 gallon or larger plastic storage tank, paint cans, cardboard sheets and paint thinner cans. We saw several spots on the ground that would indicate oil spillage or dumping in the ground.

Also on the property is a porta potty that had several five gallon pails beside it. The ground next to the potty was saturated. The gates to the property had signage indicating that TCEQ rules were in effect and only clean fill was wanted, no wood, plastic, metal or trash with a phone number of 214.320.2020 on the sign. I hand delivered a notice to Bruce McTigue advising him to obtain a permit to continue filling, grading and working on the site. A re-inspection is scheduled for August 23, 2015.

Douglas Angle

Assistant Fire Marshal

06





**Dallas County**
**Fire Marshal's Office**
509 Main Street, Suite 310 Dallas Texas 75202
**Main: 214.653.7970 Fax: 214.653.6372**

September 15, 2015

**Warrant Summary: 1700 & 1718 Dowdy Ferry Rd. Dallas County**

On September 4, 2015 an administrative search warrant was executed on the properties located at 1700 and 1718 Dowdy Ferry Rd., Hutchins Texas 75141. 1700 Dowdy Ferry is a vacant land that has received loads of dirt and fill placed there illegally. 1718 Dowdy Ferry is a property that includes an 18 wheeler repair garage facility and also serves as a storage area for truckers to store their trucks and trailers. No permits had been filed with Dallas County to operate either of these businesses. The repair garage is known as Mago's Trucking and is operated by Mr. Margarito Ayala – Patino and his wife Merlin Suyapa Ayala.

The warrant was obtained by Dallas County Constable Glen McGee of the Dallas County Health and Human Resources Environmental Health Division. The search warrant team consisted of Fire Marshal Robert De los Santos, Assistant Fire Marshal Douglas Angle, Deputy McGee from Dallas County Health and Human Services, two sheriff's deputies, and Roy Hawkins form Sunnyvale Fire Department who was assisting the Fire Marshal's office.

Fire code and operational permit inspections were performed at both sites. The interior of the repair garage was inspected as well as the exterior property area. Several violations were observed during the inspection including but not limited to, no permit to operate the business, inadequate fire protection of the premises, storage issues, and numerous fire hazards. Photographs were taken to document the conditions found. Copies of these photos were enlarged and printed out by the Fire Marshal's Office.

During the inspection Mr. Ayala provided us with papers including a lease agreement for the property at 1718 Dowdy Ferry Road, dated February 18, 2010, a cancelled check made out to DFD for $ 3,000.00 dated August 5, 2015, customer service work invoices from July 31, 2015, August 12, 2015 and September 3, 2015., and copies of waste oil pick up receipts from "At Environmental Service" in Irving Texas, dated June 18, 2015 and August 10, 2015. Documents were also checked for the operation of the business. The shop license to inspect vehicles had expired in 2013. The only employee licensed to inspect vehicles was the owner's wife Merlin Ayala. Additional documents were provided by Mr. Ayala on September 11, 2015. These documents included a 2014 tax statement from the Dallas County Tax Office for the property taxes that he had paid, a federal taxpayer ID number from the Internal Revenue Service dated April 13, 2011, a waste oil pick up receipt for two barrels of oil filters and 900 gallons of

waste oil from United Recyclers dated December 15, 2011, a receipt for oxygen from Mitchell Welding Supply dated August 15, 2015, a receipt from MC3 Recycling for 6580 pounds of iron on November 15, 2013, a receipt for 3 batteries from The Battery Exchange on March 10, 2015, a receipt from Truck Pro for brake shoe cores on May, 13, 2014 and a clutch core on May 30, 2014. A copy of a rendition statement for Dallas County Appraisal District dated January 25, 2010 was also provided.

During the warrant execution, soil samples were taken by Sigma Environmental Solutions Inc. These samples were taken from both 1700 Dowdy Ferry Rd., the illegal dump site and from the repair shop property at 1718 Dowdy Ferry Rd.  A sample of motor oil was also taken from a drain pan inside the building at 1718. The sampling was conducted per Environmental Health.

We spoke with some of the people who were in the shop area that day. Datino Ayala of 1206 Lock Ridge. McKinney stated he was the owners brother and he worked there as a mechanic. Alvin Gardner who lives at 5927 Highland Park was also in the shop. He said he is not a mechanic and was just hanging out. Jamie No Moreno was also in the shop he said he rents parking space from Mr. Ayala for $ 100.00 a month to park his 18 wheeler there.  Alejandro Ayala was there also and is the father of the owner of the business; he stated he does not work on vehicles.

During the execution of the warrant, drivers who stored their trucks and trailers there were allowed to enter the property to remove their trucks and trailers. The Dallas County Fire Marshal's office and Glen McGee from Environmental Health remained on the site until 5:30 PM. After the search warrant was executed and the drivers removed their trucks and personal vehicles, the gates to both properties were chained and locked by the Dallas County Fire Marshal's Office at 5:30 PM September 4, 2015.

On Saturday September 5, 2015 I met with Antonio Lee Walter-Lewis, Dezmin Domnya Borden and Kenneth Wayne Davis to remove their personal vehicles from the property. Mr. Davis also removed his 18 wheeler. Driver's licenses' and tag numbers of the vehicles removed were recorded. The Fire Marshal's office also met truck owners at the property on September 8, September 11, & September 15, 2015 to allow more drivers to get their trucks out. Other people with equipment located on the property or inside the building have also been allowed to get their belongings.

Doug Angle
Assistant Fire Marshal





# ORDER OF THE DALLAS COUNTY FIRE MARSHAL

Property: 1700 Dowdy Ferry Road, Dallas County, Texas

1. This Property has been inspected for fire and life safety hazards pursuant to Texas Local Government Code § 352.016. The Dallas County Fire Marshal has determined the following fire and life safety hazards are currently present on this Property:

A. Premises in present danger of structural collapse or fire spread to adjunct properties. International Fire Code 2009, Section 311.1.1.

B. Failing to safeguard vacant premises. International Fire Code 2009, Section 311.2.

C. Failure to remove combustible materials, flammable, combustible waste or rubbish. Further, failure to maintain premises clear of waste or hazardous materials. International Fire Code 2009, Section 311.3.

D. Allowing flammable substances to remain on premises. Texas Local Government Code § 352.016(a)(1).

E. Conditions on premises which create inappropriate means of egress, fire protection, or other fire-related safeguard. Texas Local Government Code § 352.016(a)(6).

2. The Dallas County Fire Marshal hereby ORDERS all owners, residents, and occupants to correct the above listed fire and life safety hazards pursuant to Texas Local Government Code § 352.016(b).

3. Due to the present fire and life safety hazards listed above, no person may enter, remain, loiter, reside, dwell, or occupy this Property without prior consent of the Dallas County Fire Marshal. The Dallas County Fire Marshal will authorize appropriate person(s) to enter this Property for the limited purpose of correcting the hazardous situations on this Property.

4. Any owner, resident, or occupant may contact the Dallas County Fire Marshal at 509 Main Street, Suite 310, Dallas, Texas, 75202 or call (214) 653-7970 to discuss correction of the hazardous situations on this Property.

5. NOTICE: Pursuant to Texas Local Government Code § 352.022, a person who fails to comply with this ORDER commits a criminal offense which is a Class B misdemeanor. Each refusal to comply with this ORDER is a separate offense.

6.   This ORDER is effective immediately and shall remain in effect until the hazardous situations are corrected on this Property as determined by the Dallas County Fire Marshal.


Signed on this ___4___ day of September ___, 2015.

_____
Robert De Los Santos
Dallas County Fire Marshal



10

# Σ SIGMA ENVIRONMENTAL SOLUTIONS, INC.

September 23, 2015

Mr. Tony Jenkins
Assistant Director of Environmental Health
Dallas County Health and Human Services
2377 N. Stemmons Freeway
Dallas, Texas 75207

**RE:    LIMITED SURFACE INVESTIGATION (LSI)**
**UNAUTHORIZED SOLID WASTE DISPOSAL FACILITY**
**1700 DOWDY FERRY**
**HUTCHINS, TEXAS**

**SIGMA PROJECT NO. 2150093**

Dear Mr. Jenkins:

SIGMA Environmental Solutions, Inc., (Sigma) has completed the Limited Surface Investigation (LSI) at the above-referenced site as outlined in our Proposal No.115004A dated August 26, 2015. This work involved the collection and laboratory analysis of ten (10) shallow soil samples.

The site consists of a 5.17-acre tract of land with a 12,000-square foot pre-engineered steel building. Approximately 40 acres is covered by what appears to be approximately 25 feet of rock and dirt fill material. The building and surrounding truck parking area make up approximately four (4) acres, and the remaining acreage is undisturbed grass and tree covered land. Near the southern portion of the northeast edge of the 40-acre fill-dirt area Sigma observed numerous examples of illegal dumping, including 55-gallon steel drums with unknown content, 1-quart plastic oil containers, 5-gallon plastic containers of hydraulic fluid, and uncontained used oil filters.

With regard to potential environmental concerns, various stained soil locations were identified by Dallas County officials as potential contaminant source areas.  Officer Glen McGee (Dallas County Environmental Health Department, Division of Health and Human Services) and Officer Douglas Angle (Assistant Dallas County Fire Marshal) were on-site to direct Sigma to the majority of the soil suspect site was located within the 40-acre fill-dirt area. One (1) soil sample locations. All but one of the suspect sites was located within the 4-acre truck parking area. Nine (9) soil sample locations were determined to address these areas, including sample locations SS-1 through SS-9.  A tenth sample location (BG-1) was taken as a "background" control point in an open, grass-covered field located in the extreme southwest portion of the property.  A Sample Location Map (Figure 1) can be seen in Appendix A.

According to topographic elevation data from the current Google Earth Website, the site is relatively flat and has an average elevation of approximately 421 feet above mean sea level.  The general trend of the local topography and surface drainage of the site area is to the northeast, toward the Trinity River.  The Trinity River is located approximately 500 feet northeast of the site.

*Mr. Tony Jenkins*
*September 23, 2015*
*Page 2*

## FIELD INVESTIGATION PROCEDURES

On September 4, 2015, Mr. Claude A. Brown, P.G. of Sigma and Mr. Larry E. Ferguson, Environmental Geologist, were on-site to document site conditions and obtain representative soil samples. Sigma conducted soil sampling in accordance with industry practices. Each soil sample location was recorded by photographs (**Appendix C**) and GPS coordinates (**Appendix D**).

Soil samples were obtained from the surface to approximately two (2) to three (3) inches below the surface. Each soil sample was obtained with a new, decontaminated, stainless steel trowel and immediately field-screened (head space analysis) with a photo ionization detector (PID) organic vapor meter (OVM). The OVM detects volatile petroleum and non-petroleum organic compounds in parts per million (ppm) methane equivalent. Soil sample PID field screening results are presented in Table 1.

### TABLE 1
### SOIL SAMPLE PHOTO IONIZATION DETECTOR (PID)
### FIELD SCREENING RESULTS

| Sample ID | PID (ppm) |
|-----------|-----------|
| SS-1 | 1.3 |
| SS-2 | 1.5 |
| SS-3 | 0.3 |
| SS-4 | 212.5 |
| SS-5 | 2.1 |
| SS-6 | 0.0 |
| SS-7 | 0.0 |
| SS-8 | 0.5 |
| SS-9 | 0.2 |
| BG-1 | 0.2 |

All samples were placed into 4-ounce glass jars with Teflon-lined lids and zero head spaces. Samples were preserved at 4°C to 5°C in accordance with EPA protocol and transported to TTI Environmental Laboratories (NELAC Certification No. T104704325-12-7), in Arlington, Texas, for analyses. All samples were analyzed using the following Environmental Protection Agency (EPA) and Texas Commission on Environmental Quality (TCEQ) recommended methods:

- **EPA Method 8260** – volatile organic compounds (VOCs), including benzene, toluene, ethylbenzene, xylenes [BTEX] and methyl tertiary butyl ether (MTBE).

- **TX Method 1005** – total petroleum hydrocarbons [TPH].

Sigma's Quality Assurance/Quality Control for sampling and analytical procedures used in the field operations are presented in **Appendix E**.

*Mr. Tony Jenkins*
*September 23, 2015*
*Page 3*

## SOIL SAMPLE ANALYTICAL RESULTS

All soil samples except location SS-7 recorded detectable levels of BTEX and/or TPH. Locations SS-1 and SS-4 recorded slight amounts of BTEX which were well below their respective TCEQ Tier 1 Commercial/Industrial Protective Concentration Limits (PCLs) in the Texas Risk Reduction Program (TRRP) Rules. Locations SS-1, SS-8 and SS-9 recorded slight amounts of C6-C12 TPH (Gasoline Range Organics), and location SS-4 recorded a moderately high amount of C6-C12 TPH. Locations SS-1, 2, 3, 4, 5, 8 and 9 recorded significantly high concentrations of C12-C28 TPH (Diesel/Oil Range Organics). Soil sample analytical results are presented in Table 2. Laboratory reports and the chain-of-custody are included in **Appendix B**.

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| **TABLE 2** | | | | | | | | | |
| **SUMMARY OF SOIL SAMPLE ANALYTICAL RESULTS** | | | | | | | | | |
| **BTEX, TPH and MTBE** | | | | | | | | | |
| **Sample ID** | **Sample Date** | **BTEX** | | | | **TPH** | | | **MTBE** |
| | | **Benzene** | **Toluene** | **Ethylbenzene** | **Xylenes** | $C_6$-$C_{12}$ | $C_{12}$-$C_{28}$ | $C_{28}$-$C_{35}$ | |
| SS-1 | 09/04/15 | 0.000255 | 0.000361 | ND | 0.000648 | 10.3 | **2,820** | ND | ND |
| SS-2 | 09/04/15 | ND | ND | ND | ND | ND | **7,600** | ND | ND |
| SS-3 | 09/04/15 | ND | ND | ND | ND | ND | **7,940** | ND | ND |
| SS-4 | 09/04/15 | ND | 0.00152 | 0.00308 | 0.0173 | 460 | **9,880** | ND | ND |
| SS-5 | 09/04/15 | ND | ND | ND | ND | ND | **3,780** | ND | ND |
| SS-6 | 09/04/15 | ND | ND | ND | ND | ND | 164 | ND | ND |
| SS-7 | 09/04/15 | ND | ND | ND | ND | ND | ND | ND | ND |
| SS-8 | 09/04/15 | ND | ND | ND | ND | 11.4 | **4,580** | ND | ND |
| SS-9 | 09/04/15 | ND | ND | ND | ND | 13.4 | **8,390** | ND | ND |
| BG-1 | 09/04/15 | ND | ND | ND | ND | ND | 91.5 | ND | ND |
| **TCEQ Action Level*** | | 0.026 | 8.2 | 7.6 | 120 | N/A | N/A | N/A | 1.9 |
| Results listed in mg/kg (parts per million; ppm) with reporting limits shown on the laboratory reports. * Defined as Tier 1 Commercial/Industrial PCLs (10/12/14), from Texas Risk Reduction Program (TRRP) 30 TAC § 350. Analyses conducted using EPA Method 8260 (BTEX/MTBE) and TX Method 1005 (TPH) by TTI Environmental Laboratories ND – Not Detected, N/A – Not Applicable **Boldface denotes a concentration greater than the TCEQ Tier 1 Commercial/Industrial PCL.** | | | | | | | | | |

## CONCLUSIONS AND RECOMMENDATIONS

Based on visual observation and the analytical results of the LSI, the surface soils have been adversely affected by the illegal dumping and spilling of petroleum and other unknown products. Due to the fact that the majority of the site has been raised approximately 25 feet and the Trinity River is approximately 500 feet down-gradient, Sigma recommends that a subsurface investigation be conducted to address potential subsurface soil and groundwater contamination.

13

*Mr. Tony Jenkins*
*September 23, 2015*
*Page 4*

Sigma appreciates the opportunity to provide you with our professional consulting services. Please contact Sigma at (972) 572-1400 if you have any questions concerning this project.

Respectfully,
**SIGMA Environmental Solutions, Inc.**

Larry E. Ferguson
Environmental Geologist
Environmental Services

Claude A. Brown, P.G.
President
Environmental Services