IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JOEL POTASZNIK, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | |
| § | Civil Action No. **3:16-CV-155-L** |
| GLEN D. MCGEE; § | |
| ROBERT DE LOS SANTOS; § | |
| and DALLAS COUNTY,[1] § | |
| § | |
| Defendants. § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Defendants' Motion for Summary Judgment (Doc. 17), filed March 20, 2017. After considering the motion, briefs, Defendants' evidence, and applicable law, the court **grants** Defendants' Motion for Summary Judgment (Doc. 17) and **dismisses with prejudice** this action against Defendants Glen D. McGee, Robert De Los Santos, and Dallas County for alleged violations of due process brought under 42 U.S.C. § 1983.

### I.   Factual and Procedural Background

On December 14, 2015, Plaintiff Joel Potasznik ("Plaintiff" or "Potasznik") brought this action against named Defendants Glen D. McGee ("McGee") and Robert De Los Santos ("De Los Santos") (collectively, "Defendants") under 42 U.S.C. § 1983 for alleged constitutional due process violations. De Los Santos was the Fire Marshal for Dallas County, Texas, at all times material to

---

[1] As herein explained, Plaintiff only named Defendants Glen D. McGee and Robert De Los Santos in the case caption but references "Defendant Dallas County" in his pleadings. He also clarified in response to Defendants' Motion for Summary Judgment that Defendants are being sued in their official capacity, which in essence is a suit against Dallas County. The court, therefore, **directs** the clerk of the court to change the case caption and docket sheet in this case to reflect that Dallas County is also a defendant.

**Memorandum Opinion and Order – Page 1**

this action.  McGee was employed in the Environmental Health Division of Dallas County Health and Human Services in August and September 2015 at the time in question.

Potasznik originally filed the action in state court, but the case was removed by Defendants to federal court based on federal question jurisdiction on January 19, 2016.  Potasznik's due process claims pertain to his contention that he was denied access to his property without due process of law under the Fourteenth Amendment to the United States Constitution. The property at issue is located at 1700-1718 Dowdy Ferry Road, Hutchins, Dallas County, Texas.  A portion of the property is leased to allow dumping of "clean fill" from construction sites.  Pl.'s Compl. 2.  In his Original Petition ("Complaint"), Potasznik asserts that he was first contacted on July 26, 2015, by "Defendant Dallas County, acting through Officer Glen D. McGee of the Environmental Crimes Division of [the County] District Attorney's office."[2] *Id.*  Potasznik asserts that, on August 13, 2015, he subsequently learned from one of his tenants that McGee had visited the property with two fire marshals, who provided the tenant with an inspection report, which notified that permits were needed to continue filling and grading the site, and that the property would be reinspected on August 23, 2015.

Potasznik asserts that he submitted the appropriate application on August 15, 2015, but before his application was processed, "four Dallas County Constable vehicles, along with the Environmental Crimes Division of [the County] District Attorney's office, and the Fire Marshal, set up outside the gate of the property" on August 19, 2015, and allowed trucks driven by a tenant to enter the property but ticketed the trucks for illegal dumping as they exited.  Potasznik asserts that, as a result, he lost the tenant who was ticketed or fined and was forced to close his business that

---

[2] In response to Defendants' summary judgment motion, Plaintiff repeats what he alleges in his Complaint. Accordingly, for brevity purposes, the court includes Plaintiff's allegations in the factual background section of this opinion, which, for the most part, are not supported by any evidence.

**Memorandum Opinion and Order – Page 2**

same day. Potasznik asserts that, on September 4, 2015, three other tenants were told by McGee that they had to vacate the property that day for lack of a permit, and McGee provided one of the tenants with a copy of a search warrant that appears to pertain to a vacant portion of the property. Potasznik asserts that the property was "padlocked" on September 4, 2015, and he has not been able to enter the property since that time. *Id.* Potasznik contends that, on September 6, 2015, the County Fire Marshall placed "no trespassing" signs on the gates to the property that state the property is in the custody of the County Fire Marshall and forbid any person from entering the property.

Potasznik maintains that he was deprived of his property rights without due process of law as a result of the actions of Dallas County that essentially shut down his business. Potasznik contends that McGee and Santos "were acting under cover of state authority when they seized [his] property without charging [him] with a statutory violation or a crime," and "[t]heir actions were in conformity with well-established customs and usages that has the force of law within the state." *Id.* at 3. Potasznik further asserts that the search warrant was not signed or notarized, and it is unclear who authorized the warrant because the magistrate judge's signature is illegible. In their Answers to Plaintiff's Complaint, both Defendants assert the defense of qualified immunity.

On March 20, 2017, Defendants filed a joint Motion for Summary Judgment, contending that they are entitled to judgment because Plaintiff's claim for procedural due process under the Fourteenth Amendment fails as a matter of law. Defendants contend that, while Plaintiff may have a property interest in the property, there is no right under state law that entitles him to use property in an unincorporated area for business without the requisite permits or without complying with fire codes adopted by the governing body and state laws that protect against environmental hazards. Defendants assert that Plaintiff does not dispute that he lacked the requisite permits or contend that

**Memorandum Opinion and Order – Page 3**

the property complied with applicable fire codes when it was padlocked. Defendants contend there is no evidence to support the conclusion that Defendants' conduct violated any property interests Plaintiff has under state law or his right to due process:

> [T]here are no allegations that the Defendants violated any Due Process rights to Plaintiff by closing access to his property. He was given notice by the inspection report admittedly given to his property manager on August 14, 2015 and notice that there would a re-inspection to determine if the hazards noted on the report had been corrected. There is no factual allegation that Defendants failed to provide Plaintiff any other consideration before re-visiting the property and determining that the hazards noted on August 14, 2015 had not been fixed.

Defs.' Mot. 6 (Doc. 18). Defendants contend that they are entitled to qualified immunity because Plaintiff's pleadings are insufficient to establish that their conduct, as alleged in the Complaint, was clearly contrary to well-established law.[3] Defendants assert that Plaintiff does not allege that any conduct by McGee was directed toward him, and he does not have standing to assert claims based on complaints or interests of his tenants who were ticketed or told to vacate the property. Defendants contend that the only allegation by Plaintiff regarding the padlocking of the property and notice of no entry is attributed to the Fire Marshal, who is not a party to this lawsuit.

In response to Defendants' summary judgment motion, Potasznik clarifies that he is suing Defendants in their official capacity, not their individual capacity, so Defendants' contentions regarding a heightened pleading standard and qualified immunity are inapplicable. Potasznik asserts that, although the caption of his Complaint does not include Dallas County as a defendant, and the Complaint does not expressly state that Defendants are being sued in their official capacities, instead of their individual capacities, it is clear from the allegations in the body of his Complaint and the

---

[3] Although Defendants moved for summary judgment and contend that Plaintiff cannot establish by evidence the requirements for due process, they also repeatedly conflate the summary judgment and Rule 12(b)(6) standard by contending in their motion that the allegations in Plaintiff's pleadings are insufficient.

**Memorandum Opinion and Order – Page 4**

"course of the proceedings" that Defendants are being sued in their official capacities. Pl.'s Resp. 3 (Doc. 24) (citing *Colvin v. McDougal*, 62 F.3d 1316, 1318 (11th Cir. 1995)).

Potasznik contends that Defendants acknowledge that he has a property interest in the property and what they are actually arguing is that he does not have the right to conduct business in violation of environmental codes and without applicable permits. Potasznik contends that due process "requires a deprivation of life, liberty or property be proceeded by notice and opportunity for a hearing appropriate to the nature of the case," and the question in this case is whether he had "the opportunity to remedy any alleged violations before his property rights were deprived." Pl.'s Resp. 2 (citing *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532. 541 (1985)). Potasznik asserts that, while Defendants contend that the property was closed for environmental violations and lack of permits, Defendants' evidence only establishes environmental violations, not a lack of permits, and there is no evidence Defendants were tasked with enforcing a permit requirement. Potasznik contends that Defendants' arguments are, therefore, circular, and his evidence demonstrates that he attempted to remedy the alleged violations but was "stonewalled by the County." *Id.* at 2. The remainder of Plaintiff's response focuses on and reasserts the allegations in his Complaint, which the court has summarized above.

In their reply, Defendants contend that "the County is not and never had been a named party; it has never been served with process, let alone by personal service on the Dallas County Judge, as required," and Plaintiff's pleadings are insufficient to put them on notice that they are being sued in their official, rather than individual, capacities. Defs.' Reply 3. Defendants assert that, even if they are being sued in their official capacities, Plaintiff's due process claim still fails because Plaintiff refers to evidence and an affidavit, but none was submitted in support of his summary judgment

response, and there are no allegations or evidence to support a due process claim based on municipal liability against Defendants in their official capacity. Specifically, Defendants contend that there are no allegations or evidence: (1) of who acted as the Dallas County's "policymaker" with regard to any alleged violation of due process; (2) of an official policy or custom; (3) that the official policy or custom caused the alleged due process violation; or (4) that the official policy or custom was promulgated with deliberate indifference to know or obvious consequences that constitutional due process violations would result. Defendants further assert that, in *Spiller v. City of Texas, City Police Department*, 130 F.3d 162, 167 (5th Cir. 1997), the Fifth Circuit held that an allegation that "[an officer] was acting in compliance with the municipalities' custom, practice or procedures" was conclusory and insufficient to plead municipal liability. Defs.' Reply 4. Defendants contend that, like the allegation in *Spiller*, Plaintiff's conclusory allegation that McGee and Santos "were acting under cover of state authority when they seized [his] property without charging . . . a statutory violations or a crime," and "[t]heir actions were in conformity with well-established customs and usages that have the force of law within the state" is insufficient to establish a genuine dispute of material fact as to Dallas County's liability and, instead shows that any policy or custom was consistent with state law. *Id.* at 3, 5.

Defendants continue to maintain that Potasznik has not established a violation of due process and assert that they do not understand why Potasznik believes that the search warrant is relevant to his claim that he was denied due process:

> Nothing obtained by the search warrant resulted in the closing of Plaintiff's property. The closure of his property occurred simultaneous[ly] with the closing of that property. Moreover, nothing ties the actions of the Defendants in obtaining or executing that search warrant to the County, assuming Plaintiff insists upon official liability for such actions. And, with regard to the actions of the individual Defendants, there is no conduct by them with regard to that search or search warrant

**Memorandum Opinion and Order – Page 6**

which constitutes a denial of due process, let alone which constitute a denial of due process established by "robust" authority. No matter how Plaintiff's search warrant argument is viewed, it does not allege a constitutional violation of the Fourteenth Amendment Due Process Clause for which the County or the individual Defendants would be liable and it is not sufficient factually or legally supported to lead to a denial of Defendants' right to qualified immunity from suit and liability.

*Id.* at 7. For all of the foregoing reasons and because Plaintiff has not submitted any evidence to rebut Defendants' evidence, Defendants contend that they are entitled to judgment on Plaintiff's due process claim, whether brought against them in their individual or official capacities.

## II. Defendants' Motion for Summary Judgment

### A. Summary Judgment Standard

Summary judgment shall be granted when the record shows that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986); *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998). A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When ruling on a motion for summary judgment, the court is required to view all facts and inferences in the light most favorable to the nonmoving party and resolve all disputed facts in favor of the nonmoving party. *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005). Further, a court "may not make credibility determinations or weigh the evidence" in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *Anderson*, 477 U.S. at 254-55.

Once the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine dispute of material fact. *Matsushita Elec. Indus.*

*Co. v. Zenith Radio*, 475 U.S. 574, 586 (1986). On the other hand, "if the movant bears the burden of proof on an issue, either because he is the plaintiff or as a defendant he is asserting an affirmative defense, he must establish beyond peradventure *all* of the essential elements of the claim or defense to warrant judgment in his favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986) (emphasis in original). "[When] the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine [dispute] for trial.'" *Matsushita*, 475 U.S. at 587. (citation omitted). Mere conclusory allegations are not competent summary judgment evidence, and thus are insufficient to defeat a motion for summary judgment. *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996). Unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence. *See Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir. 1994).

The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his or her claim. *Ragas*, 136 F.3d at 458. Rule 56 does not impose a duty on the court to "sift through the record in search of evidence" to support the nonmovant's opposition to the motion for summary judgment. *Id.*; *see also Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915-16 & n.7 (5th Cir. 1992). "Only disputes over facts that might affect the outcome of the suit under the governing laws will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248. Disputed fact issues that are "irrelevant and unnecessary" will not be considered by a court in ruling on a summary judgment motion. *Id.* If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322-23.

B.   **Discussion**

"Personal-capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law," whereas "[o]fficial-capacity suits . . . generally represent only another way of pleading an action against an entity of which an officer is an agent." *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) (citations omitted). "As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Id.* (citing *Brandon v. Holt*, 469 U.S. 464, 471(1985)). Plaintiff contends in response to Defendants' summary judgment motion that his due process claim is against Defendants only in their official capacity. Thus, Plaintiff's official capacity claim is against Dallas County and not against the individual Defendants. Defendants contend that Dallas County was not properly served and Plaintiff's pleadings are insufficient to put them on notice that they were being sued in their official capacity; however, this argument was raised for the first time in Defendants' reply brief, and Defendants did not submit any evidence to support their contention that service was not effected as to the County as required.

Moreover, the court agrees with Plaintiff that his pleadings are sufficient to put Defendants on notice that they were being sued in their official capacity, as there are a handful of references to Dallas County as a defendant in this case and Dallas County's actions that form the basis for his due process claim against Defendants. Further, whether Plaintiff was suing Defendants in their individual or official capacities could have easily been discovered with the exercise of reasonable diligence before Defendants filed their summary judgment motion. The court, therefore, focuses on whether Defendants are entitled to summary judgment on Plaintiff's due process claim against them in their official capacity.

**Memorandum Opinion and Order – Page 9**

The Constitution guarantees that life, liberty, or property will not be taken by the states or their political subdivisions without due process of law. *See* U.S. Const. amend. XIV, § 1. To prove that his due process rights were violated, Plaintiff must show that he was deprived of a liberty or property interest protected by the Due Process Clause, and he was deprived of that interest without constitutionally adequate process. *Illusions—Dallas Private Club, Inc. v. Steen*, 482 F.3d 299, 304 (5th Cir. 2007). Defendants devote extensive argument to whether Plaintiff has a property interest under state law that is entitled to protection under the Due Process Clause of the Fourteenth Amendment, while at the same time acknowledging that Plaintiff has a property interest in the property in question. Moreover, as Defendants' evidence establishes that Plaintiff is the owner of the property, the court agrees with Plaintiff that the issue here is not whether he has a property interest but whether the requirements of procedural due process, which "considers not the justice of a deprivation, but only the means by which the deprivation was effected," have been satisfied. *Caine v. Hardy*, 943 F.2d 1406, 1411 (5th Cir. 1991).

In this regard, Defendants contend that the evidence and Plaintiff's allegations do not support his contention that his property was closed without providing him with adequate due process. Defendants contend that the inspection report provided to Plaintiff's property manager on August 14, 2015, notified Plaintiff that there would be a re-inspection of the property to determine whether the hazards noted had been corrected. Defendants contend that there is no evidence that they "failed to provide Plaintiff any other consideration before re-visiting the property and determining that the hazards noted on August 14, 2015 had not been fixed." Defs.' Mot. 6. As noted, Plaintiff acknowledges being notified that he would need to obtain required permits before the property was inspected again on August 23, 2015, but he contends that he was prevented by the County from

**Memorandum Opinion and Order – Page 10**

obtaining the necessary permits. He also maintains that the property was actually closed for environmental violations, not his failure to obtain the required permits.

It is undisputed that Plaintiff received notice that he lacked the required permits for his property, which was being operated as an illegal landfill, before the property was closed by the Dallas County Fire Marshal's Office on September 4, 2015, and Plaintiff was denied access to the property. De Los Santos states in an affidavit that he, McGee, and Assistant Fire Marshal Douglas Angle inspected the property on August 14, 2015, found substantial evidence of illegal dumping on the property and violations of the Dallas County Fire Code. De Los Santos states that the inspection report, which was given to the property manager, provided that "permits had to be obtained to continue filling, grading and working the property . . . [and that] re-inspection would occur on or after August 23, 2015." Defs.' App. 3. De Los Santos does not state whether the report also addressed the illegal dumping and Fire Code violations observed initially or whether Plaintiff's failure to correct the violations by August 23, 2015, would result in his property being closed. De Los Santos, nevertheless, states that, as of September 4, 2015, Plaintiff had still not obtained the requisite permits from his office.

In addition, De Los Santos states in his affidavit that the property was chained and locked by the Fire Marshal's Office on September 4, 2015, after an inspection on that date revealed numerous fire hazards and inadequate fire protection. De Los Santos further states that, while a subpoena was obtained to search the property, none was needed because it was open to the public. De Los Santos states that an order signed by him and issued pursuant to Texas Local Government Code § 352.016 was posted on the gate to the property that required the owner and occupants to correct five identified fire and life safety hazards and indicated that no person could enter the

**Memorandum Opinion and Order – Page 11**

property without his permission, but that authorization would be given for purposes of correcting the identified hazards on the property.

The Order of the Dallas County Fire Marshal that was posted on the property lists the following "fire and life safety hazards" as being present on the property: (1) "Premises in present danger of structural collapse or fire spread to adjunct properties" in violation of "International Fire Code 2009, Section 311.1.1"; (2) "Failing to safeguard vacant premises" in violation of "International Fire Code 2009, Section 311.2"; (3) "Failing to remove combustible materials, flammable combustible waste or rubbish . . . [and] maintain premises clear of waste or hazardous materials" in violation of "International Fire Code 2009, Section 311.3"(4) "Allowing flammable substances to remain on premises" in violation of "Texas Local Government Code § 352.016(a)(1)"; and (5) "Conditions on premises which create inappropriate means of egress, fire protection, or other fire-related safeguard" in violation of "Texas Local Government Code § 352.016(a)(6)." As noted in De Los Santos's affidavit, the Order states that due to the foregoing fire and life safety hazards, no person may enter the property without authorization from the Dallas County Fire Marshal but authorization would be provided to Plaintiff and others for the purpose of correcting the hazardous situation on the property. The Order further advised that any "owner, resident, or occupant [could] contact the Dallas County Fire Marshal . . . to discuss correction of the hazardous situations on this Property," and the Order would only remain in effect until the Fire Marshal determined that the hazardous situation was corrected. Defs.' App. 9.

Due process requires an "opportunity to be heard at a meaningful time and in a meaningful manner." *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976) (quotation and citation omitted). Whether procedural due process has been provided depends on "the nature of the individual's and the state

interests in a particular deprivation. This requirement generally entails "that an individual be given an opportunity for a hearing *before* he is deprived of any significant property interest." *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 542 (1985) (internal quotations marks and citation omitted). The necessary amount and kind of process provided beforehand, however, depends upon analysis of following three factors: (1) "the private interest that will be affected by the official action"; (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards"; and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Caine*, 943 F.2d at 1411-12 (quoting *Mathews*, 424 U.S. at 335). "Not even an informal hearing, however, must precede a deprivation undertaken to protect the public safety" because the "the necessity of quick action by the State" has been held by the Supreme Court to justify "a summary deprivation followed by an adequate post-deprivation remedy." *Caine*, 943 F.2d at 1412 (citations omitted).

Here, Defendants presented evidence that Plaintiff was notified, before the property was closed by the Fire Marshal, that he needed to obtain the required permits for the property and that the property would be inspected again nine days. Defendants' evidence shows that Plaintiff still had not obtained the required permits as of the date the property was closed on September 4, 2015. Defendants' evidence also establishes that other serious fire and life safety hazards were identified on September 4, 2015, that necessitated the closure of the property until the hazardous conditions were corrected. Under the circumstances, the Fire Marshal's decision to close the property until the hazardous conditions were corrected was not unreasonable in relation to Plaintiff's property interest in using the property for business purposes in violation of state and local law. Plaintiff's failure to

obtain required permits, of which he had prior notice, lends further support to the Fire Marshal's decision to closing the property for safety reasons without providing Plaintiff with further notice. The Order posted on the property also provided Plaintiff with an opportunity to access the property to cure the hazardous conditions and to contact and discuss the needed corrections with the Fire Marshal.

In response, Plaintiff does not challenge the constitutionality of any law or code under which the Dallas County Fire Marshal closed the property or contend that the state or county procedures were constitutionally inadequate, and he presented no legal argument or evidence to rebut Defendants' summary judgment motion and evidence regarding the adequacy of the notice provided and opportunity to be heard. Plaintiff refers to evidence in his summary judgment response, but as noted by Defendants, no evidence was submitted by Plaintiff, and he did not seek leave to submit any evidence after Defendants pointed out in their reply brief that no such evidence was submitted in support of his response. The pleading filed by Plaintiff in state court is labeled "Plaintiff's Original Petition and Verified Request for Temporary Injunction," but neither the Original Petition nor Request for Temporary Injunction is actually verified. Thus, there is no evidence to support Plaintiff's conclusory assertions that he was denied due process because he was not given sufficient notice and opportunity to cure the hazards or was prevented from obtaining the required permits before the property was closed by the County, and the court determines, that under the circumstances, the pre-deprivation and post-deprivation due process notice and remedies provided to Plaintiff satisfy procedural due process requirements.

Plaintiff also presented no evidence to rebut Defendants' evidence that the property was open to the public, alleviating the need for a search warrant as Plaintiff contends, even though one was

obtained; nor is there evidence that the search warrant was obtained illegally. Moreover, even assuming that Defendants' conduct was unauthorized or outside the scope of state procedure, the Supreme Court has recognized that "a deprivation of a constitutionally protected property interest caused by a state employee's random, unauthorized conduct does not give rise to a § 1983 procedural due process claim, unless the State fails to provide an adequate postdeprivation remedy." *See Zinermon v. Burch*, 494 U.S. 113, 115 (1990). Because Texas law supplies several causes of action, such as the tort of conversion, for the wrongful taking or destruction of property, the state has adequate postdeprivation remedies, and any unauthorized conduct by Defendants does not give rise to a claim for federal constitutional violations. *See Cathey v. Guenther*, 47 F.3d 162, 164 (5th Cir. 1995).

As the court has determined that Plaintiff has failed to produce summary judgment evidence establishing a constitutional claim upon which relief can be granted, he has suffered no constitutional injury. Accordingly, even if Plaintiff were to adequately set forth an unconstitutional policy or custom, his procedural due process claim against Defendants in their official capacity, and, thus the County, fails as a matter of law because the court has found that there is no underlying constitutional violation. When there is no underlying constitutional violation, the policy or custom is irrelevant or "quite beside the point." *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986); *see also Saenz v. Heldenfels Bros., Inc.*, 183 F.3d 389, 392-93 (5th Cir. 1999). If a person suffers no constitutional injury at the hands of governmental employees or officers, the allegedly unconstitutional policy or custom could not have been the cause of the harm to that person. For this reason, Plaintiff has failed to raise a genuine dispute of material fact as to his claim based on the alleged denial of procedural due process sought under section 1983. Accordingly, named Defendants McGee and De Los Santos,

in their official capacity, as well as Dallas County, are entitled to dismissal of Plaintiff's claim for due process violations.[4]

**III. Conclusion**

For the reasons stated, no genuine dispute of material fact exists with respect to Plaintiff's claim against Defendants or Dallas County for alleged violations of due process under 42 U.S.C. § 1983. Accordingly, the court **grants** Defendants' Motion for Summary Judgment (Doc. 17) and **dismisses with prejudice** Plaintiff's claim against Defendants McGee, De Los Santos, and Dallas County for alleged violations of due process brought under 42 U.S.C. § 1983. As no further claims remain, the court will enter judgment in favor of Defendants McGee, De Los Santos, and Dallas County by separate document pursuant to Rule 58(a) of the Federal Rules of Civil Procedure.

**It is so ordered** this 27th day of March, 2018.

_____
Sam A. Lindsay
United States District Judge

---

[4] In any event, the court expressly **holds** that Plaintiff has not produced competent summary judgment evidence that he was injured as a result of an unconstitutional policy or custom of Dallas County. To establish municipal liability under section 1983, a plaintiff must show "(1) an official policy (2) promulgated by the municipal policymaker (3) was the moving force behind the violation of a constitutional right." *Hicks-Fields v. Harris Cty., Texas*, 860 F.3d 803, 808 (5th Cir. 2017) (footnote and citations omitted). "Official municipal policy includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law." *Connick v. Thompson*, 563 U.S. 51, 61 (2011) (citations omitted). The record is totally devoid of any evidence that raises a genuine dispute of material fact that Dallas County had a policy or custom that was the moving force behind the deprivation of a constitutional right to which Potasznik was entitled. Accordingly, this is an alternate basis to dismiss Plaintiff's claim, and while this argument was raised by Defendants in their reply brief, it is responsive to Plaintiff's contention and clarification that he seeks to hold Defendants liable only in their official capacity.