IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOEL POTASZNIK, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:16-CV-155-L** |
| | § | |
| GLEN D. MCGEE; ROBERT DE LOS | § | |
| SANTOS; and DALLAS COUNTY,[1] | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Plaintiff's Motion for Relief From Judgment (Doc. 32), filed April 20, 2018. After careful consideration of the motion and brief, response, record, and applicable law, the court **denies** Plaintiff's Motion for Relief from Judgment (Doc. 32).

**I.     Background**

On March 27, 2018, the court granted summary judgment in favor of Glen D. McGee ("McGee"), Robert De Los Santos, and Dallas County (Doc. 30). As a result of its Memorandum Opinion and Order, the court entered judgment in favor of Defendants McGee, De Los Santos, and Dallas County (Doc. 31). Joel Potasznik ("Plaintiff" or "Potasznik") has filed a motion seeking relief from the court's judgment pursuant to Federal Rule of Civil Procedure

---

[1] Plaintiff only named Defendants Glen D. McGee and Robert De Los Santos in the case caption, but he references "Defendant Dallas County" in his pleadings. He also clarified in response to Defendants' Motion for Summary Judgment that the individual Defendants are being sued in their official capacity. **The court, therefore, directs the clerk of the court to change the case caption and docket sheet in this case to reflect that Dallas County is also a defendant.** Defendant De Los Santos is not mentioned in Defendants' Response and Objections to Plaintiff's Rule 60(b)(1) Motion for Relief from Judgment (Doc. 34). The court does not know the basis for the omission, but it is quite beside the point because Plaintiff has acknowledged that he sued Defendants McGee and De Los Santos in their official capacity only, which makes this action one against Dallas County, as both were employees of Dallas County at the time of the events giving rise to this action.

**Memorandum Opinion and Order – Page 1**

60(b) on grounds that his failure to respond to Defendants' Motion for Summary Judgment was because of mistake, inadvertence, and excusable neglect.

By his motion, Plaintiff requests the court to allow his declaration and exhibits to Plaintiff's Appendix be admitted as evidence for the court's consideration. He contends that, if the court were to allow the admission of the declaration and exhibits, they would show that a genuine dispute of material facts exists regarding his claims and that the court should vacate the judgment entered against him.

According to Plaintiff's counsel, he timely obtained a declaration form his client and attached exhibits to the declaration. Counsel acknowledges that neither the declaration nor the exhibits were attached to Plaintiff's response to the summary judgment motion. Plaintiff's counsel further states that the court's opinion and final judgment, as well as Defendants' reply were routed to his "Spam" folder, and that he only became aware of the court's ruling and final judgment through contact by "a court opinion service." Finally, counsel informs the court that, at the time his motion seeking relief from the court's judgment was filed, he had problems with his e-mail server not only with respect to this case but also with respect to another case in state court; that he has other clients to whom he cannot send e-mail; and that the problem, although being addressed, has not been resolved. For all of these reasons, Plaintiff's counsel contends that Potasznik would be seriously prejudiced if he were not allowed to admit his client's declaration and the exhibits, and that this is a case in which there is "clear and excusable neglect" that warrants relief pursuant to Rule 60(b)(1).

Defendants disagree and argue that no relief should be granted pursuant to Rule 60(b). Specifically, Defendants contend that the negligence or careless mistakes of counsel in failing to comply with the applicable Local Civil Rules of the Northern District of Texas do not constitute

**Memorandum Opinion and Order – Page 2**

"excusable neglect," that the mistakes of Plaintiff's counsel should be attributed to Potasznik, and that Plaintiff has not established a meritorious defense to the summary judgment motion.

## II. Applicable Law

The issue raised by Plaintiff is governed by Federal Rule of Civil Procedure 60(b)(1). This rule provides, "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for any of the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect . . . ." *Id*. Potasznik does not assert "surprise" as a basis for his motion.

Four factors are to be considered in determining the issue of "excusable neglect": (1) "danger of prejudice to the opposing party"; (2) "the length of the delay and its potential impact on judicial proceedings"; (3) "the reason for the delay, including whether it was within the reasonable control of the movant"; and (4) whether the movant acted in good faith. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). Whether "excusable neglect" exists is "at bottom an equitable one, taking into account of all relevant circumstances surrounding the party's omission." *Id.* at 394. "[I]nadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect." *Id.* at 392. *Pioneer* involved an "excusable neglect" analysis under Bankruptcy Rule 9006(b)(1); however, the Fifth Circuit has adopted the *Pioneer* factors and standard of excusable neglect, and applied them to a number of procedural rules in the civil and criminal context. *See Halicki v. Louisiana Casino Cruises, Inc.*, 151 F.3d 465, 468-69 (5th Cir. 1998). The decision to vacate a final judgment with respect to a Rule 60(b) motion "is left to the sound discretion of the district court." *Steverson v. GlobalSantaFe Corp.*, 508 F.3d 300, 303 (5th Cir. 2008) (citation and internal quotation marks omitted).

**Memorandum Opinion and Order – Page 3**

### III. Discussion

#### A. Excusable Neglect

Although the court has set forth the standard for "excusable neglect," resolution of this issue is not required for the court to rule on Plaintiff's pending motion. First, three of the cases integral to Defendants' argument regarding "excusable neglect" are not on point, as they involve default judgments, issues common to a default judgment, and the timeliness of the filing of a Rule 60(b) motion—*CJC Holdings, Inc. v. Wright & Lato, Inc.*, 979 F.2d 60, 63-64 (5th Cir. 1992); *Hibernia Nat'l Bank v. Administración Cent. Sociedad Anomia*, 776 F.2d 1277, 1279 (5th Cir. 1985); and *Pryor v. United States Postal Serv.*, 769 F.2d 281, 287 (5th Cir. 1985). The failure to submit evidence in response to a summary judgment motion does not permit a court to enter a "default" summary judgment. *Eversby v. Mbank Dallas*, 843 F.2d 172, 174 (5th Cir. 1988); and the court did not do so in this case. A court is allowed, however, to accept the movant's facts as undisputed when there is no competent evidence to refute or oppose the summary judgment. *Id*. This is precisely what the court did in considering and granting Defendants' summary judgment motion. As Plaintiff did not attach any evidence to create a genuine dispute of material fact, the court, in granting Defendants' motion, accepted their facts as undisputed and entered judgment in their favor. Further, the Rule 60(b) motion was timely filed in this action, while the plaintiff in *Pryor* did not file his Rule 60(b) motion within a reasonable time. For all of these reasons, the court bases its ruling on Defendants' alternative argument of the lack of a meritorious defense.

B. **No Meritorious Defense**

1. **"Evidence" not Submitted in Accordance with Applicable Law**

The court has read and analyzed Potasznik's proffered evidence. Even were the court to grant his motion and allow the additional evidence to be submitted, submission of the "evidence" would not cause the court to reach a result different from that reached when it granted summary judgment in favor of Defendants.

First, Defendants are correct in that the declarations[2] of Potasznik do not comply with 28 U.S.C. § 1746(2). This statute requires that the declaration be: (1) made under penalty of perjury that it is true and correct, (2) dated, and (3) signed. *Id*. The declarations are not dated or signed. Neither declaration sites or declares that the contents or statements set forth therein are "true." Further, the declarations are riddled with hearsay. Finally, with respect to the exhibits attached to Plaintiff's Appendix, they do not comply with Federal Rule of Evidence 901(a) to establish that the exhibits Plaintiff seeks to offer are what he contends them to be.[3] The deficiencies noted by the court alone are reason to deny Potasznik relief pursuant to Rule 60(b)(1); however, the more compelling reason, which is discussed in the subsequent section, for denying Plaintiff relief under this rule is that their admission would not establish liability of Dallas County under 42 U.S.C. § 1983, or raise a genuine dispute of material fact as to its liability.

2. **No Evidence of a Dallas County Policy or Custom**

The admission of the evidence in Plaintiff's Appendix does nothing to show that a Dallas County policy or custom (a long established practice) caused Potasznik to suffer any procedural

---

[2] Although Plaintiff submitted two declarations, the declarations are identical, and the duplicate does not constitute additional evidence.

[3] The documents attached to Plaintiff's Appendix are: Declaration of Joel Potasznik; Exhibit 1, which Plaintiff states is related to his permit application process; and Exhibit 2, which Plaintiff states is related to the search warrant executed on his property.

**Memorandum Opinion and Order – Page 5**

or substantive due process violations. In other words the "evidence" or information that Plaintiff wants the court to use to provide relief from the judgment falls woefully short of creating a genuine dispute of material fact regarding his alleged due process claims.

A governmental entity can be sued and subjected to monetary damages and injunctive relief under 42 U.S.C. § 1983 only if its official policy or custom causes a person to be deprived of a federally protected right. *Board of the Cty. Comm'rs of Bryan Cty. v. Brown*, 520 U.S. 397, 403 (1997); *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). A governmental entity cannot be liable for civil rights violations under a theory of respondeat superior or vicarious liability. *Id.*; *see also Baskin v. Parker*, 602 F.2d 1205, 1208 (5th Cir. 1979). Official policy is defined as:

> 1. A policy statement, ordinance, regulation, or decision that is officially adopted and promulgated by the [county] lawmaking officers or by an official to whom the lawmakers have delegated policy-making authority; or
>
> 2. A persistent, widespread practice of [county] officials or employees which, although not authorized by officially adopted and promulgated policy, is so common and well-settled as to constitute a custom that fairly represents [county] policy. Actual or constructive knowledge of such custom must be attributable to the governing body of the [county] or to an official to whom that body had delegated policy-making authority.

*Webster v. City of Houston*, 735 F.2d 838, 841 (5th Cir. 1984) (en banc); *Bennett v. City of Slidell*, 735 F.2d 861, 862 (5th Cir. 1984) (en banc). "Official municipal policy includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law." *Connick v. Thompson*, 563 U.S. 51, 61 (2011) (citations omitted). A plaintiff must set forth facts or evidence to establish or show that: "(1) an official policy; (2) promulgated by the municipal policymaker; (3) was the

moving force behind the violation of a constitutional right." *Hicks-Fields v. Harris Cty.*, 860 F.3d 803, 808 (5th Cir. 2017) (footnote and citations omitted).

Potasznik fails to plead any policy, custom, or widespread practice, *much less establish*, that the conduct of McGee and De Los Santos was caused by a policy, custom, or practice of Dallas County to deprive property owners of their constitutional rights to procedural and substantive due process under the United States Constitution. At most, looking at the record and Plaintiff's Appendix in the light most favorable to Potasznik, he has at best set forth an isolated incident resulting from the potential negligence of two Dallas County employees. "Isolated violations are not the persistent, often repeated, constant violations that constitute custom or policy." *Bennett v. City of Slidell*, 728 F.2d 762, 768 n.3 (5th Cir. 1984) (citations omitted) (en banc). The record is totally devoid of any pattern of incidents similar to that of Potasznik in which property owners, or those having an interest in property, have been injured by an allegedly unconstitutional policy or custom of Dallas County.

The policy or custom relied upon to establish liability may include the inaction of official policymakers, but only when such inaction constitutes "deliberate indifference" to the rights of a plaintiff, and such indifference is a "closely related" cause of the plaintiff's injuries. *City of Canton v. Harris*, 489 U.S. 378, 388, 391 (1989). The failure or inaction "must amount to an intentional choice, not merely an unintentionally negligent oversight." *Rhyne v. Henderson Cnty.*, 973 F.2d 386, 392 (5th Cir. 1992) (citing *City of Canton*, 489 U.S. at 390). Accordingly, municipal liability cannot be imposed against Dallas County because of the negligence of its employees. To do so would predicate liability on a theory of respondeat superior, which is not allowed under *Monnell*. 436 U.S. at 694.

As a matter of law, even if the court overlooks the legal shortcomings of Plaintiff's Appendix and allows its admission, Potasznik fares no better with respect to obtaining relief under Rule 60(b)(1). This is so because Plaintiff's Appendix does nothing to establish, or create a genuine dispute of material fact, that a policy, custom, or practice of Dallas County was the moving force behind the alleged violations of Potasznik's procedural and substantive due process rights as guaranteed by the United States Constitution.

## IV. Conclusion

For the reasons herein stated, Potasznik is not entitled to relief under Rule 60(b)(1). Accordingly, the court **denies** Plaintiff's Motion for Relief From Judgment (Doc. 32).

**It is so ordered** this 22nd day of February, 2019.

*[signature]*

Sam A. Lindsay
United States District Judge